B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): KIALTON, CLAYBORN | Name of Joint Debtor (Spouse) (Last, First, Middle): KIALTON SHIRLEY TRICA |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): BROWN & SHORTER |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 1525 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 9755 |
| Street Address of Debtor (No. and Street, City, and State): 7048 S. FAIRFIELD CHICAGO, IL      ZIP CODE 60629 | Street Address of Joint Debtor (No. and Street, City, and State): 7048 S. FAIRFIELD CHICAGO, IL      ZIP CODE 60629 |
| County of Residence or of the Principal Place of Business: COOK | County of Residence or of the Principal Place of Business: COOK |
| Mailing Address of Debtor (if different from street address):      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):      ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) See Exhibit D on page 2 of this form. ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☑ Chapter 7 ☐ Chapter 9 ☐ Chapter 11 ☐ Chapter 12 ☐ Chapter 13 |
| | | ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | Tax-Exempt Entity (Check box, if applicable.) ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts (Check one box.) ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose." ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached. ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). Check if: ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000. --------------------------------- Check all applicable boxes: ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,000-100,000 |
|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

FEB 07 2011

KENNETH S. GARDNER, CLERK

PS REP - LR

B 1 (Official Form 1) (1/08)

| Voluntary Petition
*(This page must be completed and filed in every case.)* | Name of Debtor(s):
CLAYBORN & SHIRLEY WALTON |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years *(If more than two, attach additional sheet.)* | | |
|---|---|---|
| Location
Where Filed: | Case Number: | Date Filed: |
| Location
Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor *(If more than one, attach additional sheet.)* | | |
|---|---|---|
| Name of Debtor:  CLAYBORN WALTON | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
     Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
**(Check any applicable box.)**

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes.)**

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |

## Signatures

<table>
<tr>
<td colspan="1" align="center"><b>Signature(s) of Debtor(s) (Individual/Joint)</b></td>
<td colspan="1" align="center"><b>Signature of a Foreign Representative</b></td>
</tr>
<tr>
<td valign="top">

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    (713) 984-7444
    Telephone Number (if not represented by attorney)

    11-3-10
    Date

</td>
<td valign="top">

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code.
    Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
    (Printed Name of Foreign Representative)

_____
    Date

</td>
</tr>
<tr>
<td colspan="1" align="center"><b>Signature of Attorney*</b></td>
<td colspan="1" align="center"><b>Signature of Non-Attorney Bankruptcy Petition Preparer</b></td>
</tr>
<tr>
<td valign="top">

X _____
    Signature of Attorney for Debtor(s)

_____
    Printed Name of Attorney for Debtor(s)

_____
    Firm Name

_____
    Address

_____

_____

_____
    Telephone Number

_____
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td valign="top">

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.

_____
    Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
    Address

X _____

_____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
<tr>
<td valign="top">

<b>Signature of Debtor (Corporation/Partnership)</b>

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

_____
    Printed Name of Authorized Individual

_____
    Title of Authorized Individual

_____
    Date

</td>
<td></td>
</tr>
</table>

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### <u>Northern</u> District of <u>Illinois</u>

In re <u>SHIRLEY WALTON</u>
       Debtor

Case No._____
       (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _____2 / 7 / 11_____

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## __Northern__ District Of __Illinois__

In re *CLAYBORN & SHIRLEY WALTON*,
           Debtor

Case No. _____

Chapter _____*7*_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | 0 | $ 0 | | |
| B - Personal Property | NO | 0 | $ 0 | | |
| C - Property Claimed as Exempt | NO | 0 | | | |
| D - Creditors Holding Secured Claims | NO | 0 | | $ 0 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | NO | 0 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 12 | | $ 110,938 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 2,485.56 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 4,272. |
| TOTAL | | | $ 0 | $ 110,938 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

In re  CLAYBORN & SHIRLEY WALTON
                    Debtor

Case No. _____

Chapter ____ 7 ____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 7,000 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0 |
| Student Loan Obligations (from Schedule F) | $ 6,527 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0 |
| TOTAL | $ 13,527 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ 2,485 |
| Average Expenses (from Schedule J, Line 18) | $ 4,272 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 0 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

B6A (Official Form 6A) (12/07)

In re __CLAYBORN & SHIRLEY WALTON__ ,    Case No. _____
         **Debtor**    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total▶ | | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re CLAYBORN 9 SHIRLEY WALTON ,          Case No. _____
_____Debtor_____                                (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | H A | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | N x | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | N x | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | N x | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | N x | | | |
| 6. Wearing apparel. | N x | | | |
| 7. Furs and jewelry. | N x | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | N x | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | N x | | | |
| 10. Annuities. Itemize and name each issuer. | H x | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | N x | | | |

In re CLAYBURN & SHIRLEY WALTON ,  Case No. _____
_____  (If known)
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | N\A | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | N\A | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | N\A | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | N\A | | | |
| 16. Accounts receivable. | N\A | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | N\A | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | N\A | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | N\A | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | N\A | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | N\A | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re CLAYBURN & SHIRLEY WALTON, Case No. _____
_____
Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | N\A | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | N\A | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | N\A | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | N\A | | | |
| 26. Boats, motors, and accessories. | N\A | | | |
| 27. Aircraft and accessories. | N/A | | | |
| 28. Office equipment, furnishings, and supplies. | N\A | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | N\A | | | |
| 30. Inventory. | N\A | | | |
| 31. Animals. | N\A | | | |
| 32. Crops - growing or harvested. Give particulars. | N\A | | | |
| 33. Farming equipment and implements. | N\A | | | |
| 34. Farm supplies, chemicals, and feed. | N\A | | | |
| 35. Other personal property of any kind not already listed. Itemize. | N\A | | | |

_____ continuation sheets attached    Total▶   $ _____

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C (10/05)

In re: *CLAYBORN & SHIRLEY WALTON*                    Debtor(s)   Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor elects the exemptions to which debtor is entitled under (Check one box).**

☐ 11 U.S.C. §522(b)(2)   *NONE*          ☐ Check if debtor claims a homestead exemption that exceeds $125,000.

☐ 11 U.S.C. §522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| | | | |

Form B6D (10/05)

In re: CLAYBORN & SHIRLEY WALTON                    Debtor(s)  Case No.                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

_____ Continuation Sheets attached.

|  | Subtotal -> (Total of this page) | |
|---|---|---|
|  | Total -> (use only on last page of the completed Schedule D.) | |

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.          (Report total also on Summary of Schedules)

Form B6E (10/05)

In re: CLAYBORN & SHIRLEY WALTON          Debtor(s)   Case No.          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. §507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C §507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees (and commissions owing to qualifying independent sales representatives) up to $10,000* per person, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507(a)(4)

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. §507(a)(7)

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. §507(a)(9)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. §507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| _____ Continuation sheets attached. | | | Subtotal -> (Total of this page) | | $ | |
| | | | Total -> (use only on last page of the completed Schedule E) | | $ | |

* If contingent, enter C; if unliquidated., enter U; if disputed , enter D.          (Report total also on Summary of Schedules)

Form B6E (10/05)—Cont.

In re: CLAYBORN & SHIRLEY WALTON                          Debtor(s)        Case No.                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

NONE

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CUD* | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |

Sheet no. _____ attached to Schedule of Creditors
Holding Priority Claims.

Subtotal -> $
(Total of this page)

Total -> $
(use only on last page of completed Schedule E.)

(Report total also on Summary of Schedules)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

B 6F (Official Form 6F) (12/07)

In re CLAYBORN & SHIRLEY WALTON,                    Case No. _____
                    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▓▓▓1809 RJM ACQUISITIONS LLC 575 UNDERHILL BLVD SUITE 224 SYOSSET, NY 11791-3416 | | | | | | | 2,470.50 |
| ACCOUNT NO. ▓▓▓8283 GC SERVICES LIMITED PART COLLECTION AGENCY DIVISION P.O. BOX 26999 (C057) SAN DIEGO, CA 92196 | | | | | | | 903.97 |
| ACCOUNT NO. ▓▓▓1556 CAPITAL ONE SERVICES P.O. BOX 30281 SALT LAKE CITY, UT 84130-0281 | | | | | | | 480 |
| ACCOUNT NO. ▓▓▓4862 FORD MOTOR CREDIT P.O. BOX 542000 OMAHA, NE 68154-8000 | | | | | | | 11,120 |

_11_ continuation sheets attached

Subtotal▶ $ 14,974.47

Total▶ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  CLAYBON & SHIRLEY  WALTON  ,                    Case No. _____
             Debtor                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▓▓9671<br>HSBC CARSON'S<br>90 CHRISTIANA RD<br>NEW CASTLES, DE 19720 | | | | | | | 1,449 |
| ACCOUNT NO. ▓▓8920<br>MACY'S FEDERATED DEPT<br>9111 DUKE BLVD<br>MASON, OH 45040 | | | | | | | 446 |
| ACCOUNT NO. ▓▓5871<br>NCO FINANCIAL<br>P.O. BOX 13570<br>PHILADELPHIA, PA 19101 | | | | | | | 724 |
| ACCOUNT NO. ▓▓3273<br>PROFESSIONAL ACCT. MGM<br>2040 V. WISCONSIN<br>MILWAUKEE, WI 53233 | | | | | | | 1,881 |
| ACCOUNT NO. ▓▓294A<br>12TH DISTRICT COURT<br>WARRANT ENFORCEMENT<br>401 S. JACKSON ST UNIT<br>JACKSON, MI 49201 | | | | | | | 270 |

Sheet no. 2 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ $ 4,770

Total ▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON,    Case No. _____
          **Debtor**                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ███████4674 <br> ER SOLUTIONS, IN <br> 800 SW 39TH ST <br> P.O. BOX 9004 - RENTON <br> WA 98057 | | | | | | | 357.46 |
| ACCOUNT NO. ██████5113 <br> AMERICREDIT <br> 200 BAILEY AVE <br> FORTH WORTH, TX 76107-1211 | | | | | | | 11,807 |
| ACCOUNT NO. ██████8004 <br> ARROW FINANCIAL SER <br> 5996 W. TOUHY AVE <br> NILES, IL #8MJ-000013221 <br> 60714 | | | | | | | 534 |
| ACCOUNT NO. ██████534L <br> ASSET ACCEPTANCE LLC <br> P.O. BOX 2036 <br> 28405 VAN DYKE RD <br> WARREN, MI 48093 | | | | | | | 881 |
| ACCOUNT NO. ███████0770 <br> CAPITAL ONE <br> P.O. BOX 85015 <br> RICHMOND, VA 23285-5075 | | | | | | | 1,257 |

Sheet no. _3_ of _12_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $ 14,836.46

Total ► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON ,                 Case No. _____
                      **Debtor**                                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▓▓▓2659 <br> FIRST PREMIER <br> 900 DELAWARE SUITE 7 <br> SIOUX FALLS, SD 57104 | | | | | | | 453 |
| ACCOUNT NO. ▓▓0093 <br> HSBC AUTO FINANCE <br> 6602 CONVOY COURT <br> SAN DIEGO, CA 92111 | | | | | | | 18,131 |
| ACCOUNT NO. ▓▓0152 <br> HSBC BANK NV FR HALB <br> P.O BOX 19360 <br> PORTLAND, OR 97280 | | | | | | | 1,918 |
| ACCOUNT NO. ▓▓0068 <br> LVNV FUNDING LLC <br> PO BOX 10584 <br> GREENVILLE, SC 29603 | | | | | | | 3,868 |
| ACCOUNT NO. ▓▓▓9813 <br> US DEPT OF EDUCATION <br> 401 S. STATE RM 700F <br> P.O.BOX 617635 <br> CHGO, IL 60661 | | | | | | | 6,527 |

Sheet no. 4 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 30,697

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBURN & SHIRLEY WALTON, Case No. _____
                    Debtor                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ████ 2759 <br> WASHMUTUAL/PROVIDIAN <br> PO BOX 660509 <br> DALLAS, TX 75266-0509 | | | | | | | 3,688 |
| ACCOUNT NO ████ 3440 <br> WASHMUTUAL/PROVIDIAN <br> PO BOX 660509 <br> DALLAS, TX 75266-0509 | | | | | | | 801 |
| ACCOUNT NO. ████ 1543 <br> BANKFIRST | | | | | | | 921 |
| ACCOUNT NO. █ 4935 <br> CREDIT PROTECTIONS ASSOC | | | | | | | 57 |
| ACCOUNT NO. 137 <br> MEDICAL COLLECTION | | | | | | | 114 |

Sheet no. 5 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 5,581

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re _CLAYBORN & SHIRLEY WALTON_,                    Case No. _____
              **Debtor**                                                 **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 144<br>MEDICAL COLLECTION | | | | | | | 178 |
| ACCOUNT NO. 810<br>CBA COLLECTION BUREAU | | | | | | | 172 |
| ACCOUNT NO. ▓▓9719<br>JJ MARSHALL & ASSOC<br>CITIZENS BANK FKA<br>CHARTER | | | | | | | 816 |
| ACCOUNT NO. ▓▓8495<br>SENEX SERVICES CORP<br>LITLE COMPANY OF<br>MARY | | | | | | | 403 |
| ACCOUNT NO. ▓▓3445<br>SENEX SERVICES CORP<br>LITTLE COMPANY OF<br>MARY | | | | | | | 79 |

Sheet no. 6 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 1,648

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re _CLAYBORN & SHIRLEY WALTON,_   Case No. _____
        **Debtor**                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▮▮0754 <br> GNS <br> 6452 FIG ST. UNIT A <br> ARVADA, CO 80004 | | | | | | | 79.90 |
| ACCOUNT NO. ▮▮8466 <br> OAKLAWN RADIOLOGY <br> 3724 EAGLE WAY <br> CHGO, IL 60678-1372 | | | | | | | 117 |
| ACCOUNT NO. ▮▮▮532D <br> ATT <br> PO BOX 8100 <br> AURORA, IL 60507 | | | | | | | 24.99 |
| ACCOUNT NO. ▮▮9391 <br> FCN <br> 1800 W. MAIN ST <br> VISALIA, CA 93291 | | | | | | | 92.60 |
| ACCOUNT NO. ▮▮6633 <br> NWC <br> 805 VIRGINIA AVE <br> FORT PIERCE, FL <br> 34982-5881 | | | | | | | 90.86 |

Sheet no. _7_ of _12_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 405.35

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON,    Case No. _____
       Debtor                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▮▮ 835? <br> PEOPLES GAS <br> CHGO, IL 60687-0001 | | | | | | | 225.58 |
| ACCOUNT NO. ▮▮ 9788 <br> AMERICAN RECOVERY <br> 1699 WALL ST. SUITE 300 <br> MT. PROSPECT, IL 60056 | | | | | | | 1720,31 |
| ACCOUNT NO. ▮▮ 1000 <br> FRIEDMAN & WEXLER <br> 500 W. MADISON, SUITE 2910 <br> CHGO, IL 60661-2587 | | | | | | | 278,51 |
| ACCOUNT NO. ▮▮ - 0016 <br> MCS COLLECTIONS <br> 725 S. WELLS <br> SUITE 501 <br> CHGO, IL 60607 | | | | | | | 471 |
| ACCOUNT NO. ▮▮ 7140 <br> NCC <br> 815 COMMERCE DR <br> SUITE 100 <br> OAK BROOK IL, 60523 | | | | | | | 557 |

Sheet no. _8_ of _12_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶    $ 3,252,40

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re _CLAYBORN & SHIRLEY WALTON_,                    Case No. _____
                Debtor                                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ████ 2127 COMCAST P.O. BOX 3002 SOUTHEASTERN, PA 19398 | | | | | | | 301.30 |
| ACCOUNT NO. ████ 1425 MID STATE PO. BOX 3292 CHAMPAIGN, IL 61826 | | | | | | | 366.28 |
| ACCOUNT NO. ████ 2223 CPS 13355 NOEL RD STE 2100 DALLAS, TX 75240 | | | | | | | 484 |
| ACCOUNT NO. ████ 3124 CAPITAL ONE POBOX 30281 SALT LAKE CITY, UT 84130 | | | | | | | 331 |
| ACCOUNT NO. ████ 7945 NRA PO BOX 67015 HARRISBURG, PA 17016-7015 | | | | | | | 401.76 |

Sheet no. _9_ of _12_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 1,884.34

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON ,        Case No. _____
         Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▆▆▆ 0748<br>NCC<br>9919 ROOSEVELT RD<br>WESTCHESTER, IL 60154 | | | | | | | 102,50 |
| ACCOUNT NO. ▆▆ 8017<br>AA1<br>3025 W. SAHARA AVE<br>LAS VEGAS, NV 89102-6094 | | | | | | | 401.72 |
| ACCOUNT NO. ▆▆ 0413<br>BIEHL & BIEHL<br>PO BOX 87410<br>CAROL STREAM, IL 60188 | | | | | | | 16 |
| ACCOUNT NO. ▆▆ 0052<br>TOTAL GYM FITNESS<br>1230 AMERICAN BLVD<br>WEST CHESTER, PA 19380 | | | | | | | 1982.64 |
| ACCOUNT NO. ▆▆ 0107<br>CAPITAL ONE<br>PO BOX 30273<br>SALT LAKE CITY, UT 84130 | | | | | | | 15,157 |

Sheet no. _10_ of _12_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $ 17,659.86

Total ► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON, Case No. _____
Debtor (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ████16611<br>RIZZA | | | | | | | 3,025 |
| ACCOUNT NO. ████958<br>CAPITAL ONE AUTO FIN.<br>3901 DALLAS PKWY<br>PLANO, TX 75093 | | | | | | | 10,606 |
| ACCOUNT NO. ████2975<br>ATT<br>700 LONGWATER DR.<br>NORWELL, MA 02061 | | | | | | | 165 |
| ACCOUNT NO. ████8367<br>PEOPLE GAS<br>CHICAGO, IL<br>60687-0001 | | | | | | | 585.26 |
| ACCOUNT NO. ████9032<br>ADT<br>PO BOX 371440<br>PITTSBURGH, PA<br>15250-7490 | | | | | | | 500.10 |

Sheet no. 11 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 14,881.36

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re CLAYBORN & SHIRLEY WALTON,    Case No. _____
_____
Debtor    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ████4635  CITY OF CHICAGO  PO BOX █6152  CHGO, IL 60606 | | | | | | | 100,00 |
| ACCOUNT NO. ████0807  LINEBARGER  PO BOX 06152  CHGO, IL 60606-0152 | | | | | | | 100,00 |
| ACCOUNT NO. ████934  LINEBARGER  PO BOX 06152  CHGO, IL 60606-0152 | | | | | | | 100.00 |
| ACCOUNT NO. ██8111  RADIOLOGY IMAGING  PO BOX 70  HINSDALE, IL 60522 | | | | | | | 48.00 |
| ACCOUNT NO. | | | | | | | |

Sheet no. 12 of 12 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 348

Total▶ $ 110,938.24
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Form B6G (10/05)

In re: *CLAYBORN & SHIRLEY WALTON*          Debtor(s)   Case No.                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H (10/05)

In re: *CLAYBORN & SHIRLEY WALTON*                     Debtor(s)   Case No.                     (if known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re CLAYBORN &SHIRLEY WALTON _____   Case No. _____
        **Debtor**                                              **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | SUPERVISOR | N/A |
| Name of Employer | PITNEY BOWES | BKKH |
| How long employed | 5 YEARS | |
| Address of Employer | 205 N. MICHIGAN CHGO, IL 60603 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,480 | $ 0 |
| 2. Estimate monthly overtime | $ 0 | $ 0 |
| 3. SUBTOTAL | $ 2,480 | $ 0 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 291.84 | $ 0 |
| b. Insurance | $ 277.66 | $ 0 |
| c. Union dues | $ 0 | $ 0 |
| d. Other (Specify): GARISHMENT | $ 404.94 | $ 0 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 974.44 | $ 0 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1505.56 | $ 0 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0 | $ 0 |
| 8. Income from real property | $ 0 | $ 0 |
| 9. Interest and dividends | $ 0 | $ 0 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0 | $ 980 |
| 11. Social security or government assistance (Specify): | $ 0 | $ 0 |
| 12. Pension or retirement income | $ 0 | $ 0 |
| 13. Other monthly income (Specify): | $ 0 | $ 0 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0 | $ 980 |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 1505.56 | $ 980 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,485.56 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

_____

B6J (Official Form 6J) (12/07)

In re _CLAYBORN & SHIRLEY WALTON_    Case No. _____
           **Debtor**            **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home)    $ _1500_
   a. Are real estate taxes included?    Yes _____ No _____
   b. Is property insurance included?    Yes _____ No _____
2. Utilities:   a. Electricity and heating fuel    $ _535_
           b. Water and sewer    $ _0_
           c. Telephone    $ _370_
           d. Other _____    $ _75_
3. Home maintenance (repairs and upkeep)    $ _75_
4. Food    $ _750_
5. Clothing    $ _200_
6. Laundry and dry cleaning    $ _80_
7. Medical and dental expenses    $ _277_
8. Transportation (not including car payments)    $ _290_
9. Recreation, clubs and entertainment, newspapers, magazines, etc.    $ _0_
10. Charitable contributions    $ _0_
11. Insurance (not deducted from wages or included in home mortgage payments)
           a. Homeowner's or renter's    $ _0_
           b. Life    $ _120_
           c. Health    $ _0_
           d. Auto    $ _0_
           e. Other _____    $ _0_
12. Taxes (not deducted from wages or included in home mortgage payments)
(Specify) _____    $ _0_
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
           a. Auto    $ _0_
           b. Other _____    $ _0_
           c. Other _____    $ _0_
14. Alimony, maintenance, and support paid to others    $ _0_
15. Payments for support of additional dependents not living at your home    $ _0_
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)    $ _0_
17. Other _____    $ _0_
18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,    $ _4,272_
   if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)
19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
   a. Average monthly income from Line 15 of Schedule I    $ _2485_
   b. Average monthly expenses from Line 18 above    $ _4272_
   c. Monthly net income (a. minus b.)    $ _1,787_

B 7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

In re: _CLAYBORN & SHIRLEY WALTON,_     Case No. _____
        Debtor                                                             (if known)

## STATEMENT OF FINANCIAL AFFAIRS

     This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

     Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

    **1.   Income from employment or operation of business**

None 

     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

            AMOUNT                                        SOURCE

WALTON

2

**2.   Income other than from employment or operation of business**


None

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                    AMOUNT                                                      SOURCE

_____

**3.   Payments to creditors**


None

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

WALTON

3



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**



a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|



b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**



List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

WALTON

4

**6.    Assignments and receiverships**

 None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

 None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

---

**7.    Gifts**

 None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8.    Losses**

 None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

WALTON

5

**9.  Payments related to debt counseling or bankruptcy**


None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10.  Other transfers**


None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|


None ☑

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**


None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

WALTON

6

### 12. Safe deposit boxes


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person


None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor


None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

WALTON

7

**16.  Spouses and Former Spouses**


None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.


None

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**


None

a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

WALTON

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

 b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

 a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

 b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

WALTON

9

None ☑    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                    ADDRESS

None ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

---

**20. Inventories**

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|                       |                      | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-----------------------|----------------------|------------------------------------------------------------------|
| DATE OF INVENTORY     | INVENTORY SUPERVISOR |                                                                  |

None ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|                   | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
| DATE OF INVENTORY |                                                      |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST     PERCENTAGE OF INTEREST

None ☑    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|                   |       | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|-------------------|-------|------------------------------------------|
| NAME AND ADDRESS  | TITLE |                                          |

WALTON

10

**22 . Former partners, officers, directors and shareholders**



a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS              DATE OF WITHDRAWAL



b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE               DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**



If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                DATE AND PURPOSE      AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR       OF WITHDRAWAL         OR DESCRIPTION
                                                   AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**



If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION      TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND       TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____11-3-10_____     Signature of Debtor _____

Date _____11-3-10_____     Signature of Joint Debtor (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____     Signature _____

                        Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

In re *CLAYBORN & SHIRLEY WALTON*          Case No. ___NONE___
_____Debtor_____                                        Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
    ❏ Surrendered         ❏ Retained

If retaining the property, I intend to *(check at least one)*:
    ❏ Redeem the property
    ❏ Reaffirm the debt
    ❏ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ❏ Claimed as exempt         ❏ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
    ❏ Surrendered         ❏ Retained

If retaining the property, I intend to *(check at least one)*:
    ❏ Redeem the property
    ❏ Reaffirm the debt
    ❏ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ❏ Claimed as exempt         ❏ Not claimed as exempt

WALTON

B 8 (Official Form 8) (12/08)                                                                                           Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❏ YES    ❏ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❏ YES    ❏ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❏ YES    ❏ NO |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: ___11 - 3 -10___          _____
                                Signature of Debtor

                                _____
                                Signature of Joint Debtor

*WALTON*

B 8 (Official Form 8) (12/08)                                                                                 Page 3

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
### *(Continuation Sheet)*

**PART A** - Continuation

| Property No. |
|---|

| **Creditor's Name:** | **Describe Property Securing Debt**: |
|---|---|

Property will be *(check one)*:
    ❐ Surrendered          ❐ Retained

If retaining the property, I intend to *(check at least one)*:
    ❐ Redeem the property
    ❐ Reaffirm the debt
    ❐ Other.  Explain _____ (for example, avoid lien
using 11  U.S.C. § 522(f)).

Property is *(check one)*:
    ❐ Claimed as exempt          ❐ Not claimed as exempt

**PART B -** Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ❐ YES      ❐ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ❐ YES      ❐ NO |